UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK RIZZOLO,<br><br>Petitioner,<br><br>v.<br><br>G. PUENTES, Warden,<br><br>Respondent. | No. 1:19-cv-00290-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AND DENY MOTION FOR SUMMARY JUDGMENT**<br><br>**ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE**<br><br>**(Docs. 1, 3)** |

Petitioner, Frederick Rizzolo, is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner contends the Bureau of Prisons ("BOP") has failed to recalculate his sentence and correct his award of good conduct time pursuant to the First Step Act of 2018, S. 756, 115th Cong. (2018). (Doc. 1 at 2-3). Petitioner further alleges he is "due an increase in the time he is to be qualified to be given in the half way house or home confinement." *Id*. at 3-4.

Petitioner has also filed a motion for summary judgment requesting that the Court grant him relief pursuant to the First Step Act. (Doc. 3.) For the reasons discussed below, the undersigned

1

recommends that the motion for summary judgment be DENIED and the petition be DISMISSED.

## I. Background

On November 3, 2017, Petitioner was convicted of attempting to evade and defeat the payment of taxes in violation of 26 U.S.C. § 7201 in the United States District Court for the District of Nevada. *Id*. at 24. Petitioner was sentenced to 24 months' imprisonment and is serving his sentence at the Federal Correctional Institution – Taft. ("FCI Taft").

## II. Discussion

### A. Motion for Summary Judgment

The purpose of a motion for summary judgment is to "'smoke out' the facts so that the judge can decide if anything remains" for a trial. *Walker v. Hoffman*, 583, F.2d 1073, 1075 (9th Cir. 1978). The motion is intended to prevent a trial over facts that are not genuinely in dispute. *See* advisory Committee Notes, Fed.R.Civ.P. 56, 1963 Amendment ("The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").

"[T]he writ of habeas corpus is not a proceeding in the original criminal prosecution but an independent civil suit." *Riddle v. Dyche*, 262 U.S. 333, 335-36 (1923). The habeas corpus procedure has the same function as an ordinary appeal and the petition does not proceed to "trial." *Anderson v. Butler*, 886 F.2d 111, 113 (5th Cir. 1989); *O'Neal v. McAnnich*, 513 U.S. 440, 442 (1995). Further, since the passage of the Anti-Terrorism and Effective Death Penalty Act, evidentiary hearings in habeas cases are "rare." *Cullen v. Pinholster*, 563 U.S. 170, 203 (2011) (Alito, J., concurring in part & concurring in judgment). Because the Court's analysis of the merits of a habeas petition is equivalent to a summary judgment motion, "[m]otions for summary judgment are inappropriate in federal habeas cases." *Johnson v. Siebel*, 2015 WL 9664958, at *1 n.2 (C.D. Cal. Aug. 4, 2015) (citing *Mulder v. Baker*, 2014 WL 4417748, at *1-*2 (D. Nev. Sept.

8, 2014), *Gussner v. Gonzalez*, 2013 WL 458250, at *3-*5 (N.D. Cal. Feb. 5, 2013); *Ordway v. Miller*, 2013 WL 1151985, at *1 (E.D. Cal. Mar. 19, 2013)).

For the foregoing reasons, the summary judgment motion is inappropriate in this case, and the undersigned recommends denying the motion.

### B. <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted. *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### C. <u>Jurisdiction</u>

A federal prisoner who seeks to challenge the validity or constitutionality of his federal conviction or sentence must do so by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Tripati v. Henman*, 843 F.2d 1160, 1161-62 (9th Cir. 1988); *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner challenging the manner, location, or conditions of the execution of his sentence may bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district in which he is in custody. *Stephens*, 464 F.3d at 897; *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000).

Here, Petitioner alleges BOP has failed to calculate his sentence properly pursuant to the recently enacted First Step Act of 2018. He also alleges he should receive more time in a halfway house or home confinement. As Petitioner is challenging the execution of his sentencing, these claims are proper under 28 U.S.C. § 2241.

3

## III. Petitioner Failed to Exhaust Administrative Remedies

"Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court." *Martinez v. Roberts*, 804 F.2d 570, 571 (9th Cir. 1986) (internal citations omitted). The exhaustion requirement

> aid[s] judicial review by allowing the appropriate development of a factual record in an expert forum; conserv[ing] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[ing] the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

*Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983).

Although § 2241 does not specifically require exhaustion, courts "require, as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006).

Because the exhaustion requirement is not a "'jurisdictional prerequisite,' it is subject to waiver in § 2241 cases." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "[T]he district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court." *Brown v. Rison*, 895 F.3d 533, 535 (9th Cir. 1990), *overruled on other grounds, Reno v. Koray*, 515 U.S. 50 (1995). The exhaustion requirement can be waived "if pursuing those administrative remedies would be futile." *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1019 (9th Cir. 1991)). Other exceptions to the general exhaustion rule include when administrative remedies are inadequate or ineffective, irreparable injury would result, or administrative proceedings would be void. *Laing v. Ashcroft*, 370 F.3d 994, 1000-01 (9th Cir. 1981) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003) (internal quotation marks omitted)).

Federal prisons have a specific administrative remedy procedure through which inmates can present their claims to prison officials. *Martinez*, 804 F.2d at 570; 28 C.F.R. § 542.10(a) (the administrative remedy program allows inmates to seek formal administrative review of an issue relating to any aspect of the inmate's confinement). The BOP's administrative review begins when an inmate seeks informal resolution of the issues at the place of confinement. 28 C.F.R. § 542.13. If that fails, the inmate must file a formal written administrative request on form BP-9 with the warden. *Id*. at § 542.14. If the inmate is dissatisfied with the warden's response, further review is available by the BOP's regional director. *Id*. at § 542.15. Next, the inmate can seek review with the BOP's Officer of General Counsel. *Id*. A final decision from the Office of General Counsel completes the BOP's administrative review procedure. *Id*. at § 542.15(a).

Based on his petition and attached documents, it appears Petitioner submitted a request for administrative remedies to the Warden at FCI Taft. (Doc. 1 at 13-51.) The Warden denied the request on February 21, 2019. *Id*. at 12. It does not appear that Petitioner has sought relief at the intermediate level or at the third level of review. Consequently, Petitioner has failed to administratively exhaust his claims and the petition should be dismissed for lack of exhaustion.

**IV.** **First Step Act of 2018**

**A. Good Conduct Time Credits**

Petitioner claims that the Fist Step Act of 2018 mandates awarding a full 54 days per year of good conduct time instead of the 47 days customarily awarded by the BOP pursuant to 18 U.S.C. § 3624(b). Petitioner is correct that Section 102(b)(1) of the First Step Act of 2018 amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. However, this provision has not yet taken effect.

In accordance with Section 102(b)(2) of the Act, the amendments made in this section only take effect when the Attorney General completes the "risk and needs assessment system" required

5

by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019. Consequently, Petitioner's claim that the BOP must immediately recalculate his sentence pursuant to the First Step Act lacks merit.

### B. Placement in Halfway House

Petitioner contends he is entitled to more time at a halfway house based on the First Step Act. The Act does not mandate BOP place prisoners in a halfway house for six months or any other period. Under the current version of 18 U.S.C. § 3624(c), as amended by the Second Chance Act of 2007, the BOP is authorized to *consider* placing an inmate in a community correctional facility for up to twelve months. However, a prisoner is neither entitled to, nor guaranteed such placement for any minimum amount of time. 18 U.S.C. § 3624(c). *See Berry v. Sanders*, 2009 WL 789890, at *6-*7 (C.D. Cal. March 20, 2009); *Guss v. Sanders*, 2009 WL 5196153, at *4 (C.D. Cal. Dec. 29, 2009). The determination of whether an inmate is eligible is in the discretion of BOP. *Reeb v. Thomas*, 636 F.3d 1224 (9th Cir. 2011) (Individualized determinations whether an inmate is eligible for residential drug treatment program pursuant to 18 U.S.C. § 3621 is within the discretion of BOP); *Mohsen v. Graber*, 583 Fed.Appx. 841, 842 (9th Cir. 2014) (Applying *Reeb* in the context of individualized determination of eligibility for residential reentry center under § 3621). The First Step Act does not alter this rule.

Further, the Court is precluded from reviewing BOP's placement decisions. *See Reeb*, 636 F.3d at 1227. Therefore, any challenge to BOP's discretionary decisions as to eligibility for placement in a halfway house are not reviewable by this court.

### V. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Petitioner's motion for summary judgment be denied and the petition for writ of habeas corpus be dismissed..

6

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, either party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections, if any, shall be served and filed within **fourteen (14) days** after service of the objections. The parties are advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Court Clerk is hereby directed to assign a district judge to this action.

IT IS SO ORDERED.

Dated: __**March 14, 2019**__          /s/ *Sheila K. Oberto*
                                      UNITED STATES MAGISTRATE JUDGE